# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

MICHAEL GIORDANO, individually and )
on behalf of all others similarly situated, )
                                 )
            Plaintiff, )    Case No. 13-cv-60248
                                 )
      v. )    Hon. William P. Dimitrouleas
                                 )
DAVISON DESIGN & DEVELOPMENT, )
INC., a Pennsylvania corporation, )
                                 )
            Defendant. )

## PLAINTIFF'S OPPOSITION TO
## DEFENDANT'S MOTION TO DISMISS OR STRIKE CLASS ALLEGATIONS

<u>Submitted by:</u>

Joseph J. Siprut*
*jsiprut@siprut.com*
Aleksandra M.S. Vold**
*avold@siprut.com*
Peter K. Carlson*
*pcarlson@siprut.com*
**SIPRUT** PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.878.1342

Edmund Normand
*ednormand@whkpa.com*
**WOOTEN, KIMBROUGH & NORMAND** P.A.
236 S. Lucerne Circle
Orlando, Florida 32801
407.843.7060

* Admitted *pro hac vice*

** *Pro hac vice* application forthcoming

## <u>TABLE OF CONTENTS</u>

FACTUAL BACKGROUND ..................................................................................................3

ARGUMENT ......................................................................................................................3

I.    DAVISON'S MOTION CONTRAVENES THE STANDARDS OF FRCP 8 ..................3

II.   THE COMPLAINT HAS ADEQUATELY ALLEGED A CLAIM FOR VIOLATION OF THE TCPA ON AN INDIVIDUAL AND CLASS BASIS ...........................................5

      A. The Complaint Adequately Alleges The Use Of An "ATDS." .............................6

      B. Plaintiff Does Not Need to Allege He Was Charged for the Text .........................8

      C. Plaintiff Has Adequately Alleged that the Defendant Or Its Agent Was Responsible For Sending The Text Message ...........................................................9

            I.   The TCPA Provides For Vicarious Liability ............................................11

            II.  Davison's Premature Attempts To Defeat Vicarious Liability Rely On Evidence Outside The Record ................................................................11

III.  DAVISON'S REQUESTS TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE DENIED ........................................................................................12

      A. Davison's Attack on Class Certification is Premature at This Stage of the Proceedings. ........................................................................................................12

      B. Davison Cannot Demonstrate That it is Impossible to Certify the Proposed Class14

CONCLUSION ...................................................................................................................18

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)...................................................................................................3, 5

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)...........................................................................................3, 7, 9, 11

*Coopers v. Lybrand v. Livesay,*
437 U.S. 463 (1978)....................................................................................................13

*Gen. Tel. Col. of the Southwest v. Falcon,*
457 U.S. 147 (1982)....................................................................................................13

**UNITED STATES CIRCUIT COURT OF APPEALS CASES**

*Damasco v. Clearwire Corp.,*
662 F.3d 891 (7th Cir. 2011) .......................................................................................14

*Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC,*
369 F.3d 1197 (11th Cir. 2004). ....................................................................................4

*Gene & Gene LLC v. BioPay, LLC,*
541 F.3d 318 (5th Cir. 2008) .......................................................................................16

*Int'l Woodworkers of Am., AFL-CIO v. Chesapeake Bay Plywood Corp.,*
659 F.2d 1259 (4th Cir. 1981) .....................................................................................14

*Jaso v. The Coca Cola Co.,*
435 F.App'x 346 (5th Cir. 2011) ....................................................................................5

*Prado-Steiman ex rel. Prado v. Bush,*
221 F.3d 1266 (11th Cir. 2000) ...................................................................................14

*Satterfield v. Simon & Schuster,*
569 F.3d 946 (9th Cir. 2009) .................................................................................10, 16

*Vinole v. Countrywide Home Loans, Inc.,*
571 F.3d 935, 942 (9th Cir. 2009) ..........................................................................13, 14

**UNITED STATES DISTRICT COURT CASES**

*Accounting Outsourcing, LLC., v. Verizon Wireless Pers. Commc'ns, L.P.,*
329 F.Supp.2d 789 (M.D. La. 2004).................................................................................9

*Agne v. Papa John's Intern., Inc.,*
286 F.R.D. 559 (W.D. Wash. 2012) .................................................................................9

*Boyce v. Wachovia Sec., LLC,*
2010 WL 1253744 (E.D.N.C. Feb. 17, 2010)...................................................................14

*Birchmeier v. Caribbean Cruise Line, Inc.*,
2012 WL 7062748 (N.D. Ill. Dec. 31, 2012) ...........................................................................10

*Buslepp v. B & B Entm't, LLC*,
2012 WL 1571410 (S.D. Fla. May 3, 2012) ..............................................................................6

*Buslepp v. Improv Miami, Inc.*,
2012 WL 1560408 (S.D. Fla. May 4, 2012) ..............................................................................9

*Crowell v. Morgan, Stanley, Dean Witter Services Co., Inc.*,
87 F.Supp.2d 1287 (S.D. Fla. 2000). ........................................................................................3

*Duran v. Wells Fargo Bank, N.A.*,
878 F.Supp.2d 1312 (S.D. Fla. 2012) .......................................................................................7

*Francis v. Mead Johnson & Co.*,
2010 WL 3733023 (D. Colo. Sept. 10, 2010) .........................................................................14

*Gutierrez v. Barclays Group*,
2011 WL 579238 (S.D. Cal. Feb. 9, 2011) ...............................................................................9

*Hickey v. Voxernet LLC*,
887 F.Supp.2d 1125 (W.D. Wash. 2012) ..................................................................................7

*In re Jiffy Lube Intern., Inc., Text Spam Litigation*,
847 F.Supp.2d 1253 (S.D. Cal. 2012) ..................................................................................7, 10

*Kazemi v. Payless Shoesource Inc.*,
2012 WL 963225 (N.D. Cal. Mar. 16, 2010) ............................................................................7

*Kramer v. Autobytel, Inc.*,
759 F.Supp.2d 1165 (N.D. Cal. 2010) ..............................................................................6, 7, 9

*Kristensen v, Credit Payment Services Inc.*,
2013 WL 686492 (D. Nev. Feb. 22, 2013) ...............................................................................9

*Kunzelmann v. Wells Fargo Bank, N.A.*,
2012 WL 2003337 (S.D. Fla. 2012 June 4, 2012). ...................................................................4

*Lane v. Page*,
272 F.R.D. 581 (D.N.M. 2011)...............................................................................................12

*Lawson v. Life of the S. Ins. Co.*,
2012 WL 4483748 (M.D. Ga. Sept. 28, 2012) ..................................................................13, 14

*Lee v. Davison Life Ins. Co.*,
No. 3:11-cv-00043-RS (N.D. Cal. Feb. 12, 2013) ..................................................................16

*Leavitt v. Fax.com*
2007 WL 316978 (D. Md.2007) ..............................................................................................16

*Lumpkin v. E.I. Du Pont de Nemours & Co.*,
161 F.R.D. 480 (M.D. Ga. 1995) ............................................................................................13

*Manno v. Healthcare Revenue Recovery Group, LLC*,
2013 WL 1283881 (S.D. Fla. Mar. 26, 2013)........................................................................8, 9, 15

*Motisola Malikha Abdallah v. Coca-Cola Co.*,
1999 WL 527835 (N.D. Ga. July 16, 1999).........................................................................14

*Mullinax v. United Marketing Group, LLC*,
2011 WL 4085933 (N.D. Ga. Sept. 13, 2011) .....................................................................5

*Oginski v. Paragon Props. of Costa Rica, LLC*,
2011 WL 3489541, (S.D. Fla. Aug. 9 2011)........................................................................13

*Page v. Regions Bank*,
2012 WL 6913593 (N.D. Ala. Aug. 22, 2012) ....................................................................9

*Petit v. South Fl Express Bankserv, Inc.*,
2009 WL 1862300, at *1 (M.D. Fla. June 25, 2009 ............................................................12

*Pinkard v. Wal-Mart Stores, Inc.*,
2012 WL 5511039 (N.D. Ala. Nov. 9, 2012) ......................................................................8

*Randles v. Singletary*,
2001 WL 1736881 (M.D. Fla. Aug. 10, 2001) ....................................................................4

*Romano v. Motorola, Inc.*,
2007 WL 4199781 (S.D. Fla. Nov. 26, 2007).....................................................................14

*S.E.C. v. Lauer*,
2007 WL 1393917 (S.D. Fla. Apr. 30, 2007) ......................................................................4

*Scalf v. Hidalgo*,
2012 WL 292617 (M.D. Fla. Jan. 31, 2012)........................................................................12

*Small v. Kmart Holding Corp.*,
2013 WL 1157339 (E.D. Mich. Mar. 20, 2013)..................................................................13

*Silbaugh v. Viking Magazine Services, Inc.*,
278 F.R.D. 389 (N.D. Ohio 2012) .......................................................................................15

*Thomas v. Taco Bell Corp.*,
879 F.Supp.2d 1079 (C.D. Cal. 2012) .................................................................................11

*Thrasher-Lyon v. CCS Comm. LLC*,
2012 WL3835089 (N.D. Ill., 2012) ....................................................................................16

*Willis of Florida, Inc. v. All Risks, Ltd.*,
2012 WL 5504786 (S.D. Fla, 2012). ...................................................................................3

**STATE COURT CASES**

*Am. Home Services, Inc. v. A Fast Sign Co., Inc.*,
651 S.E.2d 119 (Ga. Ct. App. 2007) ...................................................................................16

**STATUTES AND FEDERAL RULES**

47 U.S.C. §227 .................................................................................................................6

F.S.A. §119.011 ...............................................................................................................4

Fed. R. Civ. P. 12 ...........................................................................................................12

Fed. R. Civ. P. 23 ....................................................................................................12, 13

Davison Design's Motion to Dismiss or Strike Class Allegations shows a complete misunderstanding of – if not blatant disregard for – basic rules of civil procedure. Davison's Motion includes an entire section in which "Davison denies each of Giordano's allegations," which is ostensibly supported by Davison declarations and the introduction of evidence outside the record. This is not remotely permissible. On a 12(b)(6) motion, a plaintiff's allegations must be taken as true – not challenged and controverted, and *especially* not with party declarations and evidence outside the record.

What is more, even if Davison's "evidence" were fully credited at this stage and considered by the Court in resolving Davison's motion – which of course it cannot – this still would not get Davison anywhere either. Davison's ultimate position on the merits appears to be that the unlawful SMS texts at issue were sent by a third-party, not Davison. But as the Court knows, this is just the *beginning* of the analysis – not the end of it. Whether a defendant is vicariously liable for the TCPA violations of a third-party depends on multiple facts which could only *possibly* be established through discovery, such as the level of control over the third-party exercised by the defendant. Cases across the country that have come down on both sides of this issue at least agree on this basic standard; the ultimate answer simply depends on facts, which is why all of the cases on this issue cited by Davison are summary judgment cases.

Davison's request to strike Plaintiff's class allegations is similarly infirm. Motions to strike class allegations are a drastic procedural vehicle, and cannot be granted except in an extraordinary case where the Plaintiff's allegations make clear that class certification is an impossibility. This standard is not remotely met here, given that Davison's argument – issues of consent in TCPA cases necessarily prevent commonality and typicality from ever being satisfied – has been repeatedly rejected by courts across the country even at the class certification stage, including recently by a court in this District. The idea that these arguments could possibly prevail

- 1 -

at the *pleading* stage is not just wrong, but *so* wrong that it stretches the bounds of good-faith advocacy.

    Davison's Motion should be denied.

## **FACTUAL BACKGROUND**

    On December 30, 2012, Plaintiff received a text message from an unknown number. (Compl., ¶16.) The text message contained the following advertisement:

> Have an invention or
> product idea?
> Thought about making
> money with an invention
> idea?
> Turn Your Idea into a
> Product
> go to SITE485.com
>
> Stop2end

*Id.*

    When Plaintiff entered site485.com into an Internet browser, he was taken to https://secure.davisoninventing.com/p/1. *Id.* at ¶18.[1] The website asked Plaintiff to enter his personal information. *Id.* Plaintiff never consented to or requested that Defendant send text messages to his wireless phone. *Id.* at ¶21. Plaintiff alleged that Defendant sent the same or substantially similar text message *en masse* to thousands of wireless telephone number or randomly generated numbers from equipment that had the capacity to store or produce telephone numbers using a random or sequential number generator. *Id.* at ¶¶19-20.

---

[1] Davison contends that the site485.com address is not currently rerouting traffic to Davison. While that may have been true by the time Davison ran that test (which would have occurred only after the Complaint was filed), it was *not* true when Plaintiff received the text message. Although these issues are outside the pleadings and not the proper subject of a 12(b)(6) motion, lest there be any doubt, Plaintiff has a video demonstration showing the rerouting to Davison (exactly as the Complaint alleges). As a courtesy, we have forwarded this video to Davison's counsel.

## ARGUMENT

A motion to dismiss tests the sufficiency of a complaint rather than its merits. *See, e.g.,*
*Willis of Florida, Inc. v. All Risks, Ltd.*, 2012 WL 5504786, at *2 (S.D. Fla. Nov. 13, 2012).
Under *Iqbal*, a complaint "must contain sufficient factual matter, accepted as true, to state a
claim to relief that is plausible on its face . . . . A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the reasonable inference that the defendant is
liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 1940 (2009).

Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim
showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the
. . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555.
All reasonable inferences must be construed in the light most favorable to the plaintiff and a
motion to dismiss must be denied if the complaint contains factual allegations, which, when
accepted as true, "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. 664.

Applying these standards here, for reasons explained in detail below, Davison's Motion
should be denied.

## I.   DAVISON'S MOTION CONTRAVENES THE STANDARDS OF FRCP 8.

Davison asks the Court not only to construe the pleadings *against* Plaintiff, but also to
ignore Plaintiff's factual allegations altogether, incorporating into its argument new material that
goes well beyond the scope of the Complaint. It is well-established, however, that "[i]n ruling on
a motion to dismiss for failure to state a claim, the court is constrained to review the allegations
as contained within the four corners of the complaint." *Crowell v. Morgan, Stanley, Dean Witter
Services Co., Inc.*, 87 F.Supp.2d 1287, 1290 (S.D. Fla. 2000). While a court may take "judicial
notice of certain facts in determining whether to dismiss [a] Complaint without converting [the
defendant's] motion to dismiss into a motion for summary judgment, the Eleventh Circuit has

limited judicial notice to matters of public record." *Kunzelmann v. Wells Fargo Bank, N.A.*, 2012 WL 2003337, at *3 (S.D. Fla. 2012 June 4, 2012). Florida defines "public records" as "all documents . . . regardless of the physical form . . . made or *received pursuant to law or ordinance* or in connection with the transaction of *official business by any agency*." F.S.A. §119.011(12) (emphasis added); *accord Randles v. Singletary*, 2001 WL 1736881, at *2 (M.D. Fla. Aug. 10, 2001) (citing F.S.A. §119.011 in determining whether a proposed document was a public record so the court could take judicial notice").

Generally, "[a] court may only take judicial notice of an adjudicative fact that is not subject to reasonable dispute in that it is either generally known within the territorial jurisdiction of the district court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *S.E.C. v. Lauer*, 2007 WL 1393917, at *1 (S.D. Fla. Apr. 30, 2007) (citing Fed. R. Ev. 201). Judicial notice is a "highly limited process" because it "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court" *Dippin' Dots, Inc. v. Frosty Bites Distribution, LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004).

Davison's proposed declarations, and the information contained in the declarations, are not public record. Nor do they meet the general requirements for a court to take judicial notice of them. Davison submits declarations of its General Counsel, George Crompton, and one of its counsel in this lawsuit, Keith Scully. (*See* Def's Mem. at 4.) The declaration of Davison's General Counsel is inappropriate because it discusses Davison's business practices – the very thing at issue in this lawsuit. (Crompton Decl.) This information is not public records or generally known, or capable of accurate and ready determination.

Keith Scully's declaration deals with investigations undertaken in response to this lawsuit. (Scully Decl.) This declaration also attempts to introduce screenshots from various non-

- 4 -

governmental websites in support of its motion.[2] (Scully Decl., Exhibits A-C.) These screenshots

from non-government websites fall outside the definition of a public record and are not suitable

for judicial notice at this stage. *See Mullinax v. United Marketing Group, LLC*, 2011 WL

4085933, at *6 (N.D. Ga. Sept. 13, 2011) (failing to take judicial notice of screenshots submitted

by the defendant in support of its motion to dismiss). Further, this technical information is not

general information, nor is it capable of accurate and ready determination. *Id.*; *see also Jaso v.

The Coca Cola Co.*, 435 F.App'x 346, 353 n.5 (5th Cir. 2011) (declining to take judicial notice

of information on nongovernmental website).[3]

    Thus, both declarations and supporting exhibits should be wholly disregarded.

## II.  THE COMPLAINT HAS ADEQUATELY ALLEGED A CLAIM FOR VIOLATION OF THE TCPA ON AN INDIVIDUAL AND CLASS BASIS.

    Contrary to Davison's assertions, the Complaint sets out the factual basis and elements

for his claim, and thus meets or exceeds the requisite pleading standard. Whether there are *other*

plausible explanations for a defendant's actions other than the explanation asserted by a plaintiff

is not the standard for granting a motion to dismiss. Again, all that is required of a complaint is

that it "must contain sufficient factual matter, *accepted as true*, to state a claim for relief that is

plausible on its face." *Iqbal*, 556 U.S. at 663 (emphasis added). The question at the pleadings

stage is whether the *plaintiff's* theory is plausible — not whether there are other theories that *may*

be plausible. And, as explained below, each of Davison's specific challenges not only fails, but

runs directly counter to cases in this District.

---

[2] Exhibits A-C do not address Plaintiff's allegations that at the time Plaintiff received the text message, site485.com redirected to Davison's website. (Compl. at ¶18.)

[3] What is more, the fact that Davison sees the need to rely on evidence outside the record to support its Motion undercuts, rather than supports its Motion, since Davison concedes that its defenses require evidence outside the pleadings.

**A.  The Complaint Adequately Alleges The Use of an "ATDS."**

Under existing precedent, Plaintiff has adequately pleaded that an ATDS was used to send the text messages. The TCPA prohibits the making of  "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice." 47 U.S.C. §227(b)(1)(A). As one court in this District recently made clear, an allegation that a defendant used an ATDS "is a factual allegation under *Twombly* and *Iqbal*." *Buslepp v. B & B Entm't, LLC*, 2012 WL 1571410, at *1 (S.D. Fla. May 3, 2012). "A TCPA complaint is sufficient if the plaintiff shows that it is *plausible* that the defendant used an ATDS." *Kramer v. Autobytel, Inc*., 759 F.Supp.2d 1165, 1171 (N.D. Ca. 2010) (emphasis added). Factors that support the inference that an ATDS was used include whether the message is personal in nature, the content of the message, and whether a short code was used. *Id.*

In *Buslepp*, the plaintiff alleged that an ATDS was used, "the dates and content of the text messages sent from a 773 telephone number, and that numerous other persons received the same text to their cell phones, and that Plaintiff has never provided his cell phone number to Defendant." *Id.* at *1-2. Just like Davison, the defendant in that case argued that the plaintiff had not "established" that the texts at issue were initiated using an ATDS, but the *Buslepp* court rejected this very argument:

> A TCPA claimant must allege that a defendant initiated a call using an automotive dialing device ("ATDS"), and that prior express consent has not been given. Defendant argues that Plaintiff's allegation regarding the use of such a device is pure speculation, unsupported by any facts. However, **the allegation that Defendant used such a device (or one that has the capacity to store or produce telephone numbers to be called and to dial those numbers) is a factual allegation under *Twombly* and *Iqbal*.**

*Id.* at **1-2 (emphasis added).

A similar case found the allegations sufficient to survive a motion to dismiss where the plaintiff had only alleged that an ATDS was used, that the number was sent from a SMS short code, and that the text messages were sent "*en masse*," without prior consent. *In re Jiffy Lube Intern., Inc., Text Spam Litigation*, 847 F.Supp.2d 1253, 1260 (citing *Twombly*, 550 U.S. at 555) ("[W]hile additional factual about the machines might be helpful, *further facts are not required* to move beyond the pleading stage. It is possible that further litigation will determine that no ATDS was used, but the complaint has pleaded enough facts to raise a right to relief above the speculative level.") (emphasis added).

Other courts have repeatedly reached this same conclusion. *See Hickey v. Voxernet LLC*, 887 F.Supp.2d 1125, 1130 (W.D. Wash.  2012) (holding that plaintiff made a plausible claim under the TCPA and that "[p]laintiff's allegation regarding the generic content and automatic generation of the [text] message is sufficient to infer the use of an ATDS."); *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165 (N.D. Cal. 2010) (dismissal of the complaint improper when complaint as a whole alleges an ATDS may have been used); *In re Jiffy Lube International, Inc.*, 847 F. Supp. 2d 1253, 1260 (S.D. Cal. 2012); *Kazemi v. Payless Shoesource Inc.*, 2010 WL 963225, *3 (N.D. Cal. Mar. 16, 2010).

Davison's cited cases are not to the contrary. (Def's Mem. at 7-8.) In *Duran v. Wells Fargo Bank, N.A.*, 878 F.Supp.2d 1312, 1316 (S.D. Fla. 2012), the plaintiff's only allegation that an ATDS was used was "[the defendant] placed many non-emergency calls to his cellular phone."[4] The court dismissed the case *not because of the insufficiency* of allegations, but because Plaintiff alleged in his complaint that "he spoke with [the defendant's] representatives which negate[d] a claim that the calls were made by an automated dialing system or artificial or prerecorded voice." *Duran*, 878 F.Supp.2d at 1316.

---

[4] *Duran* dealt with a debt collector calling the plaintiff after plaintiff requested that the debt collector only contact with his attorney, thereby establishing lack of consent. 878 F.Supp.2d at 1314.

Davis also cites *Pinkard v. Wal-Mart Stores, Inc.*, 2012 WL 5511039, at *2 (N.D. Ala. Nov. 9, 2012), as an apparent illustrative example of where the use of an ATDS was adequately pleaded. (Def's Mem. at 8.) In *Pinkard*, the court found that the defendant's admission that it used auto dialers and computerized equipment to send text messages was sufficient to show that an ATDS was used. 2012 WL 5511039, at *2. But while the defendant's admission in that case may have served as *one* example of when the use of an ATDS could be properly alleged, that does not mean anything else (or less) will be deficient. The cases cited above make that clear.

Here, Plaintiff has alleged that the text was sent from an unknown number. (Compl. at ¶17.) He has alleged that the contents of the text message were commercial in nature, directed him to go to a website, and had an opt-out provision. *Id.* at ¶16. Further, he alleged that when he went to the website contained in the text message, he was taken to Defendant's website. *Id.* at ¶18. Plaintiff further alleges that the same or substantially similar text was sent *en masse* to thousands of consumers using "equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator." *Id.* at ¶¶19-20. A person receiving such a message is likely to infer that the message was not sent by a person, but by a machine that was sending the same text message to other people simultaneously. Thus, if these allegations are accepted as true, under *Buslepp*, a reasonable ("plausible") conclusion is that an ATDS was used to send the text messages *en masse* to Plaintiff and the putative Class.

**B.  Plaintiff Does Not Need to Allege He Was Charged for the Text.**

Davison also argues that Plaintiff has not (but must) allege he was charged for the SMS text at issue. Here again, Davison makes an argument that has been rejected by courts in this District. *Manno v. Healthcare Revenue Recovery Group, LLC*, 2013 WL 1283881, *5 (S.D. Fla. March 26, 2013). As the *Manno* court put the point:

> [referring to another decision] In response to the Defendant's argument
> that the plaintiff lacked standing because he was not charged for the call,

the court  held that "the TCPA does not require the plaintiff to be "charged for" the calls in order to have standing to sue.

The Court finds this interpretation persuasive and correct.  Aside from the canons of statutory construction supporting this reading, a contrary interpretation would make no sense in light of the provision of the Act, section 227(b)(2)(C), authorizing the FCC to exempt "calls to a telephone number assigned to a cellular telephone service that are not charged to the called party." *See Page*, 2012 WL 6913593, at *6; *Gutierrez*, 2011 WL 579238, at *5.  "If [section] 227(b)(1)(A)(iii) did not include 'calls to a telephone number assigned to a cellular telephone service that are not charged to the called party,' the exemption would be meaningless."  *Page*, 2012 WL 6913593, at *6 (emphasis supplied).  Thus, Manno need not be "charged for the call" in order to have standing to complain.  *See Gutierrez*, 2011 WL 579238, at *5; *Page*, 2012 WL 6913593, at *6; *Agne*, 286 F.R.D. at 565; *Kane*, 2011 WL 6018403, at *8; *see also Buslepp v. Improv Miami, Inc.*, 2012 WL 1560408, at *2 (S.D. Fla. May 4, 2012) (Cohn, J.).

*Id.* at * 5 (citations in original). Little more need be said on this point. The caselaw on this issue makes clear that Davison's argument is simply wrong.

### C.  Plaintiff Has Adequately Alleged That Defendant Or Its Agent Was Responsible For Sending The Text Messages.

#### 1.  The TCPA provides for vicarious liability.

Liability under § 227(b)(3) of the TCPA is established when a person or entity "makes" a call using an ATDS. *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d. 1165, 1169 (N.D. Cal. 2010). The TCPA provides for vicarious liability for entities that utilize third parties to conduct marketing in violation of the statute. *Accounting Outsourcing, LLC., v. Verizon Wireless Pers. Commc'ns, L.P.*, 329 F.Supp.2d 789, 806 (M.D. La. 2004). Courts have denied motions to dismiss where the complaint alleges that the defendant or its agents sent mass text messages. *See Kristensen v, Credit Payment Services Inc.*, 2013 WL 686492, at *2 (D. Nev. Feb. 22, 2013) (citing *Twombly*, 555 U.S. at 570) ("Plaintiff has alleged that Defendant, or its agents, made text

message calls using an automatic telephone dialing system to a cellular telephone number. Those facts are enough to make a short and plain statement showing that Plaintiff is entitled to relief.").

Put simply, a party cannot avoid liability by hiring another company to transmit text messages. In fact, the Ninth Circuit has implicitly accepted that an entity can be liable under the TCPA even if it "seemed to play no role in physically sending the messages." *Id.* (citing *Satterfield v. Simon & Schuster*, 569 F.3d 946, 955 (9th Cir. 2009)); *see also Kramer*, 759 F. Supp. 2d at 1170. ("[C]ourts have held both advertisers and advertisement broadcasters subject to liability under the TCPA."). Rather, if a defendant did not itself physically transmit the messages, liability is determined by examination of vicarious liability principles. *In re Jiffy Lube Intern., Inc., Text Spam Litig.*, 847 F.Supp.2d 1253, 1258 (S.D. Ca. 2012).

In *Jiffy Lube*, the court denied a motion to dismiss where the plaintiff sued an automotive service station and a third party marketing company for sending text messages in violation of the TCPA. The court held that even though the plaintiff did not provide specifics about the relationship between the station and the marketing company, the plaintiff had adequately pled vicarious liability. *Id. See also Birchmeier v. Caribbean Cruise Line, Inc.*, 2012 WL 7062748, *1 (N.D. Ill. Dec. 31, 2012) ("The Court also rejects defendants' contention that liability attaches under the TCPA only to the party that actually placed the call. To offer an example, suppose that A, a well-heeled entity that wants to sell a product or service, stands next to B, an impecunious defendant, and directs A to place unsolicited, prerecorded calls to consumers on their cell phones. Defendants' position, it appears, is that only B, the impecunious dialer, would be liable and that A would get off scot-free. A Congressional enactment that permitted this would be absurd indeed. Fortunately that is not the law under the TCPA.")

**2.   Davison's premature attempts to defeat vicarious liability rely on evidence outside the record.**

Davison claims that Plaintiff's complaint fails because he did not allege that Davison controlled the SMS campaign, and cites to *Thomas v. Taco Bell Corp.*, 879 F.Supp.2d 1079 (C.D. Cal. 2012) for this proposition. (Def. Mem. at 7.) Davison's reliance on *Thomas* is misplaced. Because the issue in *Thomas* was the defendant's Motion for Summary Judgment, the standard used by the court was a much higher standard than is applicable here. Further, the court there dealt with a motion to dismiss the plaintiff's fourth amended complaint after limited discovery had taken place in a case based on a text message that was sent four years prior to the initiation of the lawsuit. *Id.* at 1080-83.

Again, Davison is seeking to hold Plaintiff to the wrong standard and is looking beyond the four corners of the complaint. Davison is asking that Plaintiff provide details that he cannot possibly provide until discovery has taken place. Taking the allegations in the complaint as true, Plaintiff has alleged that Davison "sent or transmitted, or had sent or transmitted on its behalf" a text message to thousands of wireless telephone numbers. (Compl. at ¶1.) While Davison may claim that some third-party was responsible (Def's Mem. at 3.), that Davison has policies against its advertisers using text messages marketing purposes (Crompton Decl. at ¶7), or that site485.com currently directs to a different website (Scully Decl. at ¶3), this information is wholly inappropriate on a Motion to Dismiss.

The reasonable conclusion based on the commercial content of the text message and the fact that the link took Plaintiff to Davison's website is that Davison was responsible for the sending of the text message. Plaintiff has provided sufficient information to give Davison "fair notice" of the claim and the grounds on which it is based. *Twombly*, 550 U.S. at 555.

III.   **DAVISON'S REQUESTS TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS SHOULD BE DENIED.**

Davison also urges this court to strike Plaintiff's class allegations, which – like many of Davison's other arguments – flat-out ignores the law of this Circuit and this District.

### A. Davison's Attack on Class Certification is Premature at This Stage of the Proceedings.

As an initial matter, Rule 12 limits motions to dismiss to the seven defenses enumerated in rule 12(b),[5] and permits motions to strike under 12(f) those portions of pleadings containing "any redundant, immaterial, impertinent, or scandalous matter." Class allegations do not qualify as the type of immaterial or impertinent matters that are subject to being stricken under rule 12(f). *See e.g.*, *Scalf v. Hidalgo*, 2012 WL 292617, at \*5 (M.D. Fla. Jan. 31, 2012) ("an 'immaterial matter' is one that has no important relationship to the claim or defense and an 'impertinent' matter is one that does not pertain to the issue(s) in question."). Motions to strike are drastic remedies that are "generally disfavored" in the Eleventh Circuit. *Petit v. South Fl Express Bankserv, Inc.*, 2009 WL 1862300, at \*1 (M.D. Fla. June 25, 2009); *see also Lane v. Page*, 272 F.R.D. 581, 596-97 (D.N.M. 2011) (observing that while motions to dismiss "help resolve cases; motions to strike, in most cases, waste everyone's time").

While few courts have ruled that motions to strike class allegations are permitted under Rule 23 — specifically, the provisions directing the court to issue a class certification issue at "an early practicable time," Fed. R. Civ. P. 23(c)(1)(A), or permitting the court to "require that the pleadings be amended to eliminate allegations about representation of absent persons," Fed. R. Civ. P. 23(d)(1)(D) — permitting a pre-discovery motion to dismiss class allegations stretches the plain meaning and intent of those rules as they have been recently interpreted. Because of the

---

[5] The seven defenses are: (1) lack of subject matter jurisdiction; (2) lack of personal jurisdiction; (3) improper venue; (4) insufficient process; (5) insufficient service; (6) failure to state a claim; and (7) failure to join a required party.  Fed. R. Civ. P. 12(b).

- 12 -

close relationship between class certification issues and merits issues, discovery is necessary for the proper analysis of class allegations. *Coopers v. Lybrand v. Livesay*, 437 U.S. 463, 469 n.12 (1978) (citation omitted); *Gen. Tel. Col. of the Southwest v. Falcon*, 457 U.S. 147, 160 (1982) ("[T]he class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action.").

Not surprisingly then, the standard for striking class allegations pursuant to Rule 23(d)(1)(D) is extremely demanding. While under Rule 23(d)(1)(D) a court can "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly," it is well settled that striking or dismissing class allegations under Rule 23 "at th[e pleading] . . . stage . . . is an extreme remedy appropriate only where a defendant demonstrates 'from the face of the complaint that it will be impossible to certify the classes alleged by the plaintiff regardless of the facts the plaintiff may be able to prove.'" *Lawson v. Life of the S. Ins. Co.*, 2012 WL 4483748, at *5 (M.D. Ga. Sept. 28, 2012) (emphasis in original) (quoting *Oginski v. Paragon Props. of Costa Rica, LLC*, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9 2011)).

Essentially, "[f]or a court to inquire into certification prior to discovery, the issues must be plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Lawson*, 2012 WL 4483748 at *5 (quoting *Lumpkin v. E.I. Du Pont de Nemours & Co.*, 161 F.R.D. 480, 481 (M.D. Ga. 1995)) (internal punctuation omitted); *see also Oginski*, 2011 WL 3489541, at *3 (holding "Defendants' arguments related to Plaintiff class allegations are better suited to an opposition to a motion for class certification, rather than as a basis for a motion to dismiss.").[6]

---

[6] *See also Small v. Kmart Holding Corp.*, No. 12-cv-11062, 2013 WL 1157339 (E.D. Mich. Mar. 20, 2013) (denying motion to strike class allegations in a TCPA junk texting case); *Vinole v. Countrywide*

The Eleventh Circuit in particular has recognized that the need to develop facts relating to class certification is written into and facilitated by Rule 23. *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000) (observing that "Rule 23(c)(1) specifically empowers district courts to alter or amend class certification orders at any time prior to a decision on the merits . . . because the scope and contour of a class may change radically as discovery progresses and more information is gathered about the nature of the putative class members' claims."). Thus, because "the shape and form of a class action evolves only through the process of discovery . . . it is premature to [dispose of class allegations] before the claim has taken form." *Motisola Malikha Abdallah v. Coca-Cola Co.*, 1999 WL 527835, at *1 (N.D. Ga. July 16, 1999). *See also Romano v. Motorola, Inc.*, 2007 WL 4199781, at *2-3 (S.D. Fla. Nov. 26, 2007) (denying motion to strike class allegations and holding that the defendant failed to demonstrate that class certification would be impossible based on facts alleged in complaint).[7]

## B. Davison Cannot Demonstrate That It Is Impossible to Certify the Proposed Class.

Wholly ignoring that it carries the burden to prove that class certification is *impossible* on the face of the Complaint regardless of any evidence that Plaintiff may conceivably procure, *see, e.g., Lawson*, 2012 WL 4483748, at *5—a bar it plainly cannot meet—Davison proceeds as if the Court should strike the class allegations unless Plaintiff can prove here and now that he is

---

*Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (the "advisable practice for a District Court to follow is to afford the litigants an opportunity to present evidence [obtained through discovery] as to whether a class action was maintainable"); *Int'l Woodworkers of Am., AFL-CIO v. Chesapeake Bay Plywood Corp.*, 659 F.2d 1259, 1268 (4th Cir. 1981) ("[i]t is seldom, if ever, possible to resolve class representation questions from the pleadings"); *Francis v. Mead Johnson & Co.*, 2010 WL 3733023, at *1 (D. Colo. Sept. 10, 2010) (a "motion to strike class allegations under Rule 12(f) is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of . . . litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete discovery to which they would otherwise be entitled on questions relevant to class certification"); *Boyce v. Wachovia Sec., LLC*, 2010 WL 1253744, at *8 (E.D.N.C. Feb. 17, 2010).

[7] *See also Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011) (pre-discovery dismissal of class allegations could constitute an abuse of discretion).

entitled to class certification. (Def. Mem. at 11-12.) But as explained above, that isn't the standard. Plaintiff will dutifully support his motion for class certification consistent with the Court's scheduling order and will explain at that time, following appropriate discovery, why certification is warranted.

Undeterred, Davison protests against certification on the basis that consent to receive SMS texts (a defense to TCPA violations) needs to be assessed on an individual basis, which *necessarily* prevents predominance and commonality. Were that so, then no TCPA class could ever be certified. Yet, there they are just the same – including class certification decisions in this very District.

For example, in *Manno v. Healthcare Revenue Recovery Group, LLC*, 2013 WL 1283881, *16 (S.D. Fla. March 26, 2013), the court certified a TCPA class and found that "commonality is satisfied." *Id.* There – as here – the defendants argued that "commonality is defeated by the consent issue because whether each putative class member provided express consent is a question that can be resolved only by individualized inquiry." The Court rejected that argument, and held that the defendant's records – which were the subject of discovery – established that Class members did not communicate with the defendant prior to the unsolicited calls (TCPA violations at issue).[8]

Under Davison's logic, a TCPA class of consumers whose telephone numbers were randomly generated could never be certified because you could never be sure if anyone consented. This argument is absurd, and courts have recognized that plaintiffs do not have the impossible standard of proving a negative. *See Silbaugh v. Viking Magazine Services*, 278 F.R.D. 389, 394 (N.D. Ohio 2012) ("Having produced no evidence that any individual consented to receive text messages in response to plaintiff's presentation of [defendant's] testimony,

_____

[8] And, if the records showed that certain individuals did provide prior consent, then those individuals were properly excluded from the Class.

defendant is unable to realistically argue that individual issues of consent outweigh commonality."). *See also Lee v. Davison Life Ins. Co.*, No. 3:11-cv-00043-RS (N.D. Cal. Feb. 12, 2013) (certifying class despite defendant's argument that a third-party marketing contractor sent the text messages at issue); *Am. Home Services, Inc. v. A Fast Sign Co., Inc.*, 287 Ga. App. 161, 163, 651 S.E.2d 119, 121 (2007) ("The trial court did not abuse its discretion in rejecting [defendant's] claim that the proposed class failed the commonality requirement based on the hypothetical existence of persons in the class against whom it could assert the existing business relationship exemption.").[9]

Davison cites *Gene & Gene LLC v. BioPay, LLC*, 541 F.3d 318 (5th Cir. 2008), but that case serves only to undercut the very point Davison tries to make. The Fifth Circuit stated in that case that violations of the TCPA "are not *per se* unsuitable for class resolution," and "there are no invariable rules regarding the suitability of a particular case . . . for class treatment; the unique facts of each case generally will determine whether certification is proper." *Id.* at 327-28.

Davison's reliance on *Leavitt v. Fax.com* is similarly misplaced. In that case, the Court decertified a class after the fax transmission logs became unavailable and it became impossible to determine, for example, whether numbers were generated by "computers randomly dialing and hunting for fax machines . . ." *Leavitt v. Fax.com*, 2007 WL 3169078, at *4 (D. Md. May 25, 2007). This has nothing to do with the situation here and does not demonstrate that issues of individual consent make TCPA certification an *impossibility* – which is what Davison would need to establish in order to strike the class allegations at the pleading stage. The same is true for Davison's other cited cases, in which class certification was denied. That question that may be

---

[9] As *Silbaugh* also points out, the question of which party bears the burden of establishing consent is a common question. *Id.* And consent means much more than simply "visiting a website" and providing one's phone number. Prior express consent is "consent that is unmistakably stated." *Satterfield v. Simon & Schuster*, 569 F.3d 946, 955 (9th Cir. 2009); *see also Thrasher-Lyon v. CCS Comm. LLC*, 2012 WL3835089, at *5 (N.D. Ill. Sept. 4, 2012) (finding that "prior express consent" requires express consent to receive automated telephone calls, rather than consent to simply be contacted).

asked of all these cases is: So what? Just because TCPA cases are not always certified does not mean that TCPA cases are never certified.

*      *      *

In sum, Davison falls far short of meeting its burden of showing that class certification is "impossible" on the alleged facts.[10] Instead, Davison raises confused—and premature—arguments that, to be accepted, require the Court: (1) to assume the truth of Davison's facts that contradict the pleadings, (2) decide class certification without the benefit of any discovery, and (3) hold that, as a matter of law, TCPA claims are uncertifiable. None of these arguments are sustainable. To the contrary, Davison's contentions illustrate why district courts routinely reject premature attempts to dispose of class certification issues without the benefit of discovery.[11]

**CONCLUSION**

For all of the foregoing reasons, Plaintiff respectfully requests that Davison's motion be denied, or in the alternative, that Plaintiff be given leave to replead.

---

[10] To the extent Davison suggests that Plaintiffs have any burden in the context of this motion to strike other than opposing the points raised by Davison, it is flatly incorrect.

[11] Likewise, without *any* factual record, neither Plaintiff nor Davison is in a position to presently determine whether the appropriate relief in this case will require injunctive relief (certifiable under Rule 23(b)(2)) or monetary damages (certifiable under Rule 23(b)(3)).   Both injunctive and monetary relief is expressly authorized by TCPA, and Plaintiff seeks both forms of relief in the Complaint. 47 U.S.C.A. § 227(3) ("A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) **both such actions**.") (emphasis added).

- 17 -

Dated: April 15, 2013

Respectfully submitted,

MICHAEL GIORDANO, individually and
on behalf of all others similarly situated


By:_____

    One of the Attorneys for Plaintiff
    And the Proposed Putative Classes

Joseph J. Siprut*
*jsiprut@siprut.com*
Aleksandra M.S. Vold**
*avold@siprut.com*
Peter K. Carlson*
*pcarlson@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.878.1342

Edmund Normand
*ednormand@whkpa.com*
**WOOTEN, KIMBROUGH & NORMAND P.A.**
236 S. Lucerne Circle
Orlando, Florida 32801
407.843.7060


* Admitted *pro hac vice*
** *Pro hac vice* application forthcoming

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney, certifies that the foregoing **Plaintiff's Opposition To Defendant's Motion To Dismiss Or Strike Class Allegations** was filed electronically with the Clerk of the Court using the CM/ECF system on April 15, 2013, and served electronically on all counsel of record.

_____

Joseph J. Siprut

4834-0104-2451, v. 1

- 19 -