UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60248-CIV-DIMITROULEAS

MICHAEL GIORDANO, individually and on
behalf of all others similarly situated,

    Plaintiff,

vs.

DAVISON DESIGN & DEVELOPMENT, INC., a
Pennsylvania corporation,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant Davison Design & Development, Inc.'s ("Davison" or "Defendant")'s Motion to Dismiss and or Strike Class Allegations [DE 21], filed herein on March 21, 2013.  The Court has considered the Motion, Plaintiff's Response [DE 26], Defendant's Reply [DE 27], arguments by counsel at the July 12, 2013 oral argument, and is otherwise fully advised in the premises.

### I.     BACKGROUND

Plaintiff, Michael Giordano, ("Plaintiff" or "Giordano") commenced the instant action on February 1, 2013, against Defendant, Davison Design & Development, Inc., ("Defendant" or "Davison"). [DE 1]. Along with the Complaint, Plaintiff filed a motion to certify class in the instant action [DE 3], which the Court denied without prejudice on February 20, 2013, as Plaintiff had not yet served Defendant. [DE 8]. On March 21, 2013, Defendant initiated the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6),[1] and/or motion to strike Plaintiff's class allegations from the Complaint. [DE 21].

---

[1] Because this is a Motion to Dismiss, all factual allegations will be taken as true and in the light most favorable to the Plaintiff.  *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992).

According to the Complaint, Plaintiff is a citizen of Florida, and Defendant is a corporation organized in the state of Pennsylvania with its principal place of business in Pittsburgh, Pa, and does business throughout the United States and Florida. [DE 1] ¶¶ 8, 9. On December 30, 2012, Plaintiff received the following text message on his wireless phone, which Plaintiff alleges was transmitted by or on behalf of Davison:

> Have an invention or
> product idea?
> Thought about
> making money with
> an invention idea?
> Turn Your Idea into a
> Product go to
> SITE485.com
>
> Stop2end

¶ 16. The "from" field of this transmission was identified as "(310) 956-5252." ¶ 17. Plaintiff alleges that upon entering SITE485.com into an internet browser, the user is taken to http://secure.davisoninventing.com/p/1 and asked to enter his or her contact information. ¶ 18. Plaintiff alleges that Defendant sent or transmitted, or had sent or transmitted on its behalf, the same (or substantially the same) text messages *en masse* to a list of thousands of wireless telephone numbers or randomly generated phone numbers. ¶ 19. Plaintiff asserts that Defendant sent the text messages to Plaintiff and others similarly situated (class members) using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. ¶ 20. Plaintiff claims he never consented to, requested, or otherwise desired or permitted Defendant to send or transmit text messages to his wireless phone. ¶ 21.

In his one-count Complaint, Plaintiff alleges, on behalf of himself and the class, a cause of action against Defendant for violation of the Telephone Consumer Protection Act ("TCPA"),

47 U.S.C. § 227, *et seq*. ¶¶ 30-35.  Plaintiff alleges that "by sending the unsolicited text messages to Plaintiff and the Class, Defendant has violated 47 U.S.C. 227(b)(1)(A)(iii).[2] As a result of Defendant's unlawful conduct, the Class members suffered actual damages in the form of monies paid to receive the unsolicited test messages on their wireless phones and under section 227 (b)(3)(B)[3] are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA." ¶ 34. Additionally, Plaintiff pleads that, should the Court determine that Defendant's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C),[4] treble the amount of statutory damages recoverable by Plaintiff and the other class members. ¶ 35.

---

[2] 47 U.S.C. § 227 (b)(1)(A)(iii) provides:
(b) Restrictions on use of automated telephone equipment
(1) Prohibitions
It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
    **(A)** to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice--
        **(iii)** to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

[3] 47 U.S.C. § 227(b)(3)(B) provides:
(b) Restrictions on use of automated telephone equipment
(3) Private right of action
A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
    **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater,

[4] 47 U.S.C. § 227(b)(3)(C) provides:
(b) Restrictions on use of automated telephone equipment
(3) Private right of action
A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
    **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
    **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
    **(C)** both such actions.
If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

The Complaint requests relief in the form of: a) certifying the Class, appointing Plaintiff as Class representative and appointing his counsel as Class Counsel, b) awarding of actual and statutory damages; c) requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Class; d) awarding of reasonable attorneys' fees and costs; and e) awarding such other and further relief that the Court deems reasonable and just. [DE 1].

**Plaintiff's Class Allegations**

Plaintiff brings the instant action on behalf of himself and as a class action pursuant to F.R.C.P. 23(a), (b)(2), and (b)(3). ¶ 22. Plaintiff sets forth the following class definition:

> All individuals in the United States who received one or more unsolicited text messages from or on behalf of Defendant Davison Design & Development, Inc. (the "Class")[5].

*Numerosity – F.R.C.P. 23(a)(1)*

Plaintiff alleges that the members of the class are so numerous that individual joinder of all class members is impracticable. ¶ 24. Plaintiff claims on information and belief, that there are thousands of consumers who have been damaged by Defendant's wrongful conduct. Plaintiff claims that the number of Class members is unknown at this time but may be ascertained from Defendant's books and records, and that the Class members may be notified of the pendency of this action by Court-approved dissemination methods. ¶ 24.

*Commonality and Predominance – F.R.C.P. 23(a)(2) and 23(b)(3)*

Plaintiff alleges that this action involves common question of law and fact, which predominate over any questions affecting individual Class members. ¶ 25.  Plaintiff claims that

---

[5] Plaintiff claims that the following shall be excluded from the Class: Davison and its subsidiaries and affiliates; all persons who make a timely election to be excluded from the Class; governmental entities; and the judge to whom this case is assigned, and any immediate family members thereof.  ¶ 22.

the following include some of the common questions of law or fact:

      (a) whether Defendant's conduct constitutes a violation of the TCPA;
      (b) whether the equipment Defendant used to send the text messages in question was an automatic telephone dialing system as contemplated by the TCPA; and
      (c) whether Class members are entitled to treble damages based on the willfulness of Defendant's conduct

*Typicality – F.R.C.P. 23(a)(3)*

Plaintiff alleges that his claims are typical of the claims of the Class members because the Class members were comparably injured through the uniform prohibited conduct alleged. ¶ 26.

*Adequacy of Representation – F.R.C.P. 23(a)(4)*

Plaintiff claims he is an adequate representative of the Class because his interests do not conflict with the interests of the other Class members he seeks to represent. ¶ 27. Plaintiff alleges that he has retained counsel that is competent and experienced in complex commercial and class action litigation, and that Plaintiff intends to prosecute this action vigorously. ¶ 27.

*Declaratory and Injunctive Relief – F.R.C.P. 23(b)(2)*

Plaintiff claims Defendant has acted or refused to act on grounds generally applicable to Plaintiff and other class members, which makes final injunctive and declaratory relief appropriate for the Class as a whole. ¶ 28.

*Superiority – F.R.C.P. 23(b)(3)*

Plaintiff alleges that class action is superior to any other means for adjudicating the instant controversy as the damages or other financial detriment suffered by Plaintiff and the other Class members is relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for Class members to individually seek redress for Defendant's wrongful conduct. ¶ 29. Plaintiff alleges that even if class members could afford litigation, the court system could not, as individualized

litigation creates potential for inconsistent or contradictory judgments and increases the delay and expenses to all parties and the court system. ¶ 29.

## II. MOTION TO DISMISS

### A. Standard of Review

To adequately plead a claim for relief, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating *Conley*, 355 U.S. at 41). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. *See Linder v. Portocarrero*, 963 F.2d 332, 334-36 (11th Cir. 1992) (citing *Robertson v. Johnston*, 376 F.2d 43 (5th Cir. 1967)).

However, this is inapplicable if the allegations are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . ." *Iqbal*, 129 S. Ct. at 1949. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint, and "a district court weighing a motion to dismiss asks 'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Twombly,* 550 U.S. at n. 8 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984)).

If a court can only infer "the mere possibility of misconduct" from the complaint, the plaintiff has not shown an entitlement to relief. *Iqbal*, 129 S. Ct. at 1950. Only plausible claims may survive motions to dismiss. *Id.* A court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### B. Motion to Dismiss

Defendant moves to dismiss the complaint for failure to state a claim upon which relief can be granted, pursuant to F.R.C.P. 12(b)(6). Defendant argues that the Plaintiff has failed to do more than make unsupported allegations that violate the requirements of *Twombly* to produce a plausible, properly investigated[6] factual theory before the filing of his lawsuit. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In particular, Defendant contends that Plaintiff failed to adequately allege that Defendant used an automated telephone dialing system (ATDS), sent the text message, or controlled the sender.

First, Plaintiff's allegation that an ATDS was used by Defendant is sufficient. *See Buslepp v. B& B Entm't, LLC,* No. 12–60089–CIV, 2012 WL 1571410 at *1 (S.D. Fla. May 3, 2012). In *B&B Entm't*, the court held that "[a] TCPA claimant must allege that a defendant initiated a call using an automative dialing device ("ATDS"), and that prior express consent has not been given." *Id.* Accordingly, the court found that at the motion to dismiss stage "the allegation that Defendant used such a device (or one that has the capacity to store or produce telephone numbers to be called and to dial those numbers) is a factual allegation under *Twombly* and *Iqbal*." *Id.* (citing *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951

---

[6] Defendant re-alleged all of the arguments made in support of its motion to dismiss in its Motion for Sanctions [DE 45]. The Court denied Defendant's Motion for sanctions without prejudice on June 25, 2013.

(9th Cir. 2009) for proposition that issue of whether defendant's device is an ATDS is question of fact).

Defendant concedes that it has found no case where a complaint was dismissed as insufficient under *Twombly* for merely alleging that an ATDS was used. Defendant relies on *Duran v. Wells Fargo Bank, N.A.*, to support its position that it is insufficient to merely allege that an ATDS was used. *Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012). In *Duran*, the plaintiff alleged that the defendant placed many non-emergency calls to his cellphone. *Id.* However, Plaintiff also alleged that on four occasions that defendant made the phone calls to plaintiff, the plaintiff spoke with the defendant's representatives, which the court held tended to negate the claim that the calls were made by an ATDS. *Id.* In this case, Plaintiff did not make any such negating allegations. Instead, Plaintiff alleged that an ATDS was used, and that he did not consent to Defendant's contacting him.

Moreover, under the totality of the circumstances, the Court finds that Plaintiff's allegations are sufficient under *Twombly* for the Court to find it plausible that an ATDS was used. The commercial nature of the message suggests that an ATDS was used. The use of "Stop2end" in the message also implies that the message came from a computer/ATDS. Plaintiff alleges that he never consented to, requested, or otherwise desired or permitted Defendant to send or transmit text messages to his wireless phone. [DE 1] ¶ 21. At the motion to dismiss stage, these allegations are sufficient to withstand dismissal. *Id.*

Defendant also argues that it did not send, nor is it vicariously liable for the sending of the message. Defendant points to evidence outside the pleadings to support its arguments. The Court will not consider outside evidence at this stage in the proceedings. The Court finds Plaintiff allegation: "that Defendant sent or transmitted, or had sent or transmitted on its behalf,

the same (or substantially the same) text messages en masse to a list of thousands of wireless telephone numbers or randomly generated phone numbers," to be sufficient. [DE 1] ¶ 19.

Based on the foregoing, Defendant's motion to dismiss is denied.

### III. MOTION TO STRIKE CLASS ALLEGATIONS

#### A. Standard of Review

Motions to strike are drastic remedies that are generally disfavored. *See FDIC v. Bristol Home Mortg. Lending, LLC*, 2009 WL 2488302, at *2 (S.D. Fla. Aug. 13, 2009). The Court in *Lawson v. Life of the S. Ins. Co.* outlined the standard in analyzing motions to strike class allegations:

> "A district court must conduct a rigorous analysis of the [R]ule 23 prerequisites before certifying a class." *Vega,* 564 F.3d at 1266 (citation and internal quotation marks omitted). To obtain class certification, a named plaintiff must (1) satisfy each requirement of Rule 23(a), and (2) satisfy at least one of the requirements of Rule 23(b). *Klay v. Humana, Inc.,* 382 F.3d 1241, 1250 (11th Cir.2004), *abrogated in part on other grounds, Bridge v. Phoenix Bond & Indemn. Co.,* 553 U.S. 639 (2008). While the burden of proof to establish the propriety of class certification rests with the named plaintiff, *Lumpkin v. E.I. Du Pont de Nemours & Co.,* 161 F.R.D. 480, 481 (M.D. Ga. 1995), a review of Eleventh Circuit law reveals that a defendant, as well as a plaintiff, may move for a determination of class certification. *Accord Foxx v. Ocwen Loan Servicing, LLC,* 2012 WL 2048252, *9–10 (M.D. Fla. June 6, 2012) (granting defendant's motion to dismiss class allegations based on plaintiff's failure to comply with local and federal rules' class action pleading requirements); *Lumpkin,* 161 F.R.D. at 482 (granting motion to strike class allegations based on plaintiff's failure to show numerosity, commonality, typicality, and adequacy of representation or that further discovery would substantiate class action).
> . . .
> "Dismissal at th[e pleading] ... stage[, however,] is an *extreme remedy* appropriate only where a defendant demonstrates '*from the face of the complaint that it will be impossible to certify* the classes alleged by the plaintiff regardless of the facts the plaintiff may be able to prove.' " *Oginski v. Paragon Properties of Costa Rica, LLC,* Nos. 10–21720–CIV, 11 –60647–CIV, 2011 WL 3489541, *3 (S.D.Fla. Aug. 9 2011) (emphases added) (quoting *Romano v. Motorola, Inc.,* No. 07–CIV–60517, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007)) (concluding that court's dismissal of class allegation prior to discovery acknowledges impossibility of class certification based on pleadings); *see also Vega,* 564 F.3d at 1279 ("*[T]he complaint, as pled,* cannot sustain class action certification as a

matter of law." (emphasis added)). For a court to inquire into certification prior to discovery, "the issues [must be] ... plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Lumpkin,* 161 F.R.D. at 481 (quoting *General Tele. Co. of Southwest v. Falcon,* 457 U.S. 147, 160, (1982)) (finding no "basis for further pursuit of a class action" and that needless delay and expense would result if court awaited further discovery).

*Lawson v. Life of the S. Ins. Co.*, 2012 WL 4483748, at *5 (M.D. Ga. Sept. 28, 2012) (quoting *Oginski v. Paragon Props. Of Costa Rica, LLC*, 2011 WL 3489541, at *3 (S.D. Fla. Aug. 9, 2011).

### B.  Motion to Strike Plaintiff's Class Allegations

Defendant argues that Plaintiff's class action allegations should be stricken because he fails to allege a sufficient factual basis to support them. Defendant asserts in its motion to strike that Plaintiff cannot prove all four F.R.C.P. 23(a) mandatory prerequisites to class certification, and that Plaintiff fails to allege facts supporting his conclusion that the F.R.C.P. 23(b) requirements are met.  The Court finds Defendant's arguments premature at this stage. The arguments raised in Defendant's motion to strike class allegations are better suited for a response to a formal motion for class certification, if and when one is filed.  As there is no factual record, it is not possible at this time to for the Court to determine whether the class certification will ultimately fail.  Accordingly, Defendant's Motion to Strike Class Allegations is denied.

### IV.  MOTION TO STAY TCPA CLAIM TO ALLOW LIMITED DISCOVERY

Finally, Defendant's alternative motion to stay the proceedings is denied. The Court does not find it necessary to bifurcate discovery as per Defendant's request, as the factual issues related to class certification will substantially overlap the factual issues for the TCPA claim.

10

## V.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Davison Design & Development, Inc.'s Motion to Dismiss and or Strike Class Allegations [DE 21] is **DENIED**;

2. Defendant shall file its Answer within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 17th day of July, 2013.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:

Counsel of record